UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGIN RECORDS AMERICA, INC., *et al.*,<br><br>          Plaintiffs,<br><br>v.<br><br>WENDY CANTOS,<br><br>          Defendant. | Civil No. 06cv915-L(CAB)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** |

Pending before the court is Plaintiffs' Application for Entry of Default Judgment by the Court ("Application") against Defendant Wendy Cantos. The complaint alleges several instances of copyright infringement by downloading from the Internet and distributing copyrighted songs without permission. The court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), (b) and 1367. The court has personal jurisdiction over Defendant because she was personally served with process and engaged in infringing activities at her residence in California. Venue is proper under 28 U.S.C. § 1391(b). Defendant has not appeared in this action and has not opposed Plaintiffs' Application. For reasons which follow, Plaintiffs' Application is **GRANTED**.

Pursuant to Rule 55(b), a court may order default judgment following the entry of default by clerk. Default was entered on March 13, 2007.

/ / / / /

An entry of default does not automatically entitle a plaintiff to a court-ordered judgment. *See Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986). Rather, granting or denying relief is within the court's discretion. *See id.* Upon entry of default, the well-pleaded allegations of the complaint are taken as true, except for the allegations as to the amount of damages. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

Plaintiffs, recording companies, filed a copyright infringement action pursuant to 17 U.S.C. § 101 *et seq.* They are copyright owners or exclusive licensees with respect to certain sound recordings, including five recordings listed in Exhibit A to the complaint and certain of the songs listed in Exhibit B. Defendant used an online media distribution system to download recordings copyrighted to Plaintiffs, and to distribute them to the public or make them available for distribution to others in violation of Plaintiffs' exclusive rights of reproduction and distribution. Notices of Plaintiffs' rights were posted on published copies of each of the recordings listed in Exhibit A, and were widely available. Accordingly, Plaintiffs allege that the infringement was willful and intentional. Plaintiffs seek statutory damages pursuant to 17 U.S.C. § 504(c), attorneys' fees and costs pursuant to 17 U.S.C. § 505, and injunctive relief pursuant to 17 U.S.C. §§ 502 and 503 prohibiting Defendant from further infringing Plaintiffs' copyrights and ordering her to destroy all copies made in violation of those rights.

The summons and complaint were served on Defendant by personal service on July 14, 2006. However, Defendant failed to answer or otherwise appear in the action. She did not respond to Plaintiffs' request for entry of default, which was served on Defendant by mail on March 12, 2007 or the Clerk's Notice of Entry of Default. Defendant also did not respond to the instant Application, which was served on her by mail on August 17, 2007.

The court finds Plaintiffs satisfied the procedural requirements to obtain a default judgment by showing that Defendant was properly served with process, and by showing that Defendant is not a minor, incompetent or in military service. (*See* Decl. of Jonathan G. Fetterly.)

In their Application, Plaintiffs seek a default judgment and relief limited to the infringement of their rights with respect to the five recordings listed in Exhibit A of the complaint. They seek minimum statutory damages in the amount of $3,750.00, costs in the

amount of $420.00, and a permanent injunction as stated in the complaint.

The Ninth Circuit has enumerated the following factors the court may consider in exercising discretion as to the entry of default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Under *Eitel*, the court may consider the merits of the plaintiff's substantive claim and the sufficiency of the complaint. *Id.* at 1471. These two factors require that a plaintiff "state a claim on which the [plaintiff] may recover." *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002), *citing Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). To state a copyright infringement claim, a plaintiff must allege two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1174 (9th Cir. 2003), *quoting Feist Publ'n Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361(1991); *see also* 17 U.S.C. §§ 102(a)(7), 106 & 501(a), (b). Use of a website to download and upload copyrighted music constitutes direct infringement of copyright holders' exclusive rights to reproduce the material and distribute it. *See A&M Records v. Napster, Inc.*, 239 F.3d 1004, 1011-14 (9th Cir. 2001). Accordingly, the court finds that the complaint sufficiently states a claim that Defendant infringed Plaintiffs' copyright with respect to the five sound recordings listed in Exhibit A.

The "possibility of prejudice to the plaintiff" factor focuses on whether the plaintiff will suffer prejudice if default judgment is not entered. In this case, Plaintiffs would be prejudiced by the denial of their Application because they would likely be without other recourse or recovery. *See Pepsico*, 238 F. Supp. 2d at 1177. Furthermore, Defendant's infringing conduct would remain unchecked.

Under the fourth factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *Id.* at 1176. Plaintiffs do not discuss their actual damages, but instead seek minimum statutory damages pursuant to 17 U.S.C. § 504. Under

section 504(a), an infringer is liable for actual damages and any additional infringer profits or, alternatively, statutory damages. The copyright holder has the choice of which measure of damages to pursue. *Id*. § 504(c)(1). Statutory damages range from $750 to $30,000 with respect to any one copyrighted work, as the court considers just. *Id*. "Because awards of statutory damages serve both compensatory and punitive purposes, a plaintiff may recover statutory damages whether or not there is adequate evidence of the actual damages suffered by plaintiff or of the profits reaped by defendant, in order to sanction and vindicate the statutory policy of discouraging infringement." *Los Angeles News Serv. v. Reuters Television Int'l*, 149 F.3d 987, 996 (9th Cir. 1998) (internal quotation marks and citations omitted). Defendant's alleged infringing activity consisted of downloading from and uploading to a music-sharing website. This is not an innocuous violation of Plaintiffs' copyright, since it allows for unauthorized distribution of copyrighted material to millions of Internet users. *See A&M Records*, 239 F.3d 1004. Because of its potential for wide reach, this practice is also referred to as "viral" distribution of copyrighted material. *See id.* at 1027. Since the damages requested are minimum statutory damages, the court finds they are reasonable in light of the seriousness of Defendant's conduct.

In addition, Plaintiffs request costs in the amount of $420.00, which is comprised of a $350.00 filing fee and $70.00 for service of process. Pursuant to 17 U.S.C. § 505, "the court in its discretion may allow the recovery of full costs . . .."

Under the fifth factor, the court considers the possibility of dispute concerning material facts. Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to the amount of damages. *See TeleVideo*, 826 F.2d at 917-18. Accordingly, no genuine dispute of material fact in this case precludes granting default judgment. *See Pepsico*, 238 F.Supp.2d at 1177.

As the sixth factor the court considers whether the default was due to excusable neglect. Plaintiffs served Defendant with process, as well as with their request for entry of default. Defendant was notified that the Clerk entered default against her, and was served with the instant Application. Defendant did not respond to any of these documents, and has not appeared in this

action. Accordingly, the court has no reason to conclude that the default is due to excusable neglect.

As the last factor, the court considers the policy favoring decision on the merits. Cases should be decided on the merits whenever reasonably possible. *Eitel*, 728 F.2d at 1472. However, the mere existence of Rule 55(b) indicates that this preference, standing alone, is not dispositive. *Pepsico*, 238 F. Supp. 2d at 1177. Defendant's failure to answer the complaint or in any way participate in this action makes a decision on the merits impractical, if not impossible. *See id*. Based on consideration of the foregoing factors, the court finds that entry of a default judgment against Defendant is appropriate in this case.

The court next considers whether Plaintiffs' requested relief should be awarded. In addition to the statutory damages and costs discussed above, Plaintiffs request a permanent injunction against Defendants. A "judgment by default may not be different in kind from or exceed in amount that prayed for in the demand for judgment." Fed. R. Civ. P. 54(c)). This provision has been interpreted to refer to the prayer for relief in the complaint. *See Pepsico*, 238 F. Supp. 2d at 1175.

The relief requested in the Application is the same as that requested in the prayer for relief in Plaintiffs' complaint. It is therefore appropriate for consideration on default judgment. For the reasons stated above, the court finds the award of $3,750.00 in minimum statutory damages and $420.00 in costs is appropriate in this case.

In addition, a prevailing plaintiff in a copyright infringement action may obtain a final injunction on such terms as the court may deem reasonable to prevent or restrain infringement of a copyright. 17 U.S.C. § 502. As part of a final judgment, the court may also order destruction of all copies found to have been made in violation of the copyright owner's exclusive rights. *Id*. § 503(b). "Generally, a showing of copyright infringement liability and the threat of future violations is sufficient to warrant a permanent injunction." *Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003), *citing MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 520 (9th Cir. 1993).

/ / / / /

Plaintiffs seek to permanently enjoin Defendant from infringing Plaintiffs' copyright in any of their sound recordings, whether existing or created in the future, and seek an order ordering Defendant to destroy all unlawfully obtained copies of Plaintiffs' recordings. (Compl. at 4.) Defendant's past infringing behavior and the ongoing ability to infringe Plaintiffs' copyright constitute a continued threat of future infringing activity. *See Jackson*, 255 F. Supp. 2d at 1103. Defendant's lack of participation in this action has given the court no assurance that Defendant's infringing activity will cease. *See id*; *see also Pepsico*, 238 F. Supp. 2d at 1178 ("Though it appears unlikely, given the lack of evidence submitted by Plaintiffs, that Defendant's allegedly wrongful conduct continued after Plaintiffs initiated this action or will continue in the future, in the absence of opposition by the non-appearing defendant, it cannot be said that it is 'absolutely clear' that Defendant's allegedly wrongful behavior has ceased and will not begin again.").

Based on the foregoing, **IT IS HEREBY ORDERED** as follows:

1. Plaintiffs' Application for Entry of Default Judgment by the Court is **GRANTED**.

2. Defendant Wendy Cantos ("Defendant") shall pay damages to Plaintiffs, jointly, in the total principal amount of Three Thousand Seven Hundred-Fifty Dollars ($3,750.00).

3. Defendant shall further pay to Plaintiffs, jointly, their costs in the total principal amount of Four Hundred Twenty Dollars ($420.00).

4. Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the copyrighted recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (*i.e.*, download) any of Plaintiffs' Recordings, to distribute (*i.e.*, upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of

those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

    5. The Clerk of the Court is instructed to prepare a judgment consistent with this order.

**IT IS SO ORDERED**.

DATED: June 3, 2008

                                  M. James Lorenz
                                  United States District Court Judge

COPY TO:

HON. CATHY ANN BENCIVENGO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL